United States District Court
Southern District of Texas
**ENTERED**
January 27, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ADRIAN DAVID HEATH, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-21-0088 |
| | § | |
| KEN PAXTON, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Adrian David Heath has filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody ("Petition") (Docket Entry No. 1) seeking relief from a judgment of conviction that was entered against him in 2014. He has also filed a Brief in Support of Petition for Writ of Habeas Corpus ("Petitioner's Brief in Support") (Docket Entry No. 2). After considering the pleadings and the applicable law pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts, this case will be dismissed for the reasons explained below.

### I. Background

A grand jury in Montgomery County, Texas, returned an indictment against Heath in Cause No. 12-03-02580-CR, charging him with illegally voting in an election in which Heath knew he was not

eligible to vote.[1]   After a jury found Heath guilty as charged of illegal voting, which is a third-degree felony, the 359th District Court for Montgomery County sentenced him to three years' imprisonment.[2]

Heath filed a direct appeal, challenging the trial court's jurisdiction and arguing that Section 1.015 of the Texas Election Code was "unconstitutionally vague" as applied to him.[3]   Heath argued further that the evidence was insufficient and that the conviction was "void" because the trial judge should have been disqualified for bias.[4]   An intermediate court of appeals rejected those claims and affirmed the conviction in an unpublished opinion. See Heath v. State, No. 14-14-00532-CR, 2016 WL 2743192 (Tex. App. — Houston [14th Dist.] May 10, 2016).[5]   After the Texas Court of Criminal Appeals denied Heath's petition for discretionary review,[6] the United States Supreme Court denied his petition for a writ of certiorari on May 15, 2017.   See Heath v. Texas, 137 S. Ct. 2127 (2017).

---

[1]Indictment, Cause No. 12-03-02580-CR, Docket Entry No. 1-1, p. 3.

[2]Petition, Docket Entry No. 1, pp. 1-2; Judgment of Conviction by Jury, Docket Entry No. 1-1 p. 4.

[3]Petition, Docket Entry No. 1, p. 3.

[4]Id.

[5]Memorandum Opinion, Docket Entry No. 1-1, pp. 145-62.

[6]Petition, Docket Entry No. 1, p. 4 (referencing PD-07-63-16).

Heath filed a state habeas corpus application on October 21, 2019, arguing that the conviction violated his First Amendment right to "Free Speech" and that his "selective prosecution" violated the Equal Protection Clause found in the Fourteenth Amendment.[7]  The Texas Court of Criminal Appeals dismissed the application without a written order on March 11, 2020, for non-compliance with page limitations found in Rule 73.1 of the Texas Rules of Appellate Procedure.[8]

In a federal habeas Petition filed on January 11, 2021, Heath now contends that he is entitled to relief from his conviction under 28 U.S.C. § 2254 for the following reasons:

1.   Section 1.015 of the Texas Election Code is unconstitutionally vague (Ground 1).

2.   The trial judge erred by refusing to allow him to raise the issue of "selective/vindictive prosecution" (Ground 2).

3.   The conviction and prosecution under an unconstitutionally vague statute violated his rights under the First Amendment and the Equal Protection Clause (Grounds 1, 2, and 3).[9]

The Petition must be dismissed because Heath has not established that he was "in custody" for purposes of obtaining federal habeas review when his Petition was filed.  Alternatively, the Petition is

---

[7]Id. at 5 (referencing WR 91,018-01).

[8]Official Notice from Court of Criminal Appeals of Texas in WR 91,018-01, Exhibit 1 to Petition, Docket Entry No. 1-1, p. 2.

[9]Petition, Docket Entry No. 1, pp. 8-20; Petitioner's Brief in Support, Docket Entry No. 2, pp. 1-31.

untimely under the governing one-year statute of limitations that applies on federal habeas review.

## II.  <u>Discussion</u>

### A.  Heath is Not "In Custody"

Heath, who received a three-year prison sentence in connection with the challenged conviction discloses that he discharged this sentence when his term of parole expired in "February 2020."[10]  The federal writ of habeas corpus only provides a remedy for prisoners who challenge the "fact or duration" of their confinement and seek "immediate release or a speedier release from that imprisonment." <u>Preiser v. Rodriguez,</u> 93 S. Ct. 1827, 1841 (1973).  A district court is authorized to entertain a habeas corpus petition on behalf of a person challenging a state court judgment only if the petitioner is <u>"in custody</u> in violation of the Constitution or laws or treaties of the United States[.]"  28 U.S.C. § 2241(c)(3) (emphasis added); <u>see also</u> 28 U.S.C. § 2254(a).

A person whose sentence has expired is no longer "in custody" for purposes of obtaining review under the federal habeas corpus statutes. <u>See Maleng v. Cook,</u> 109 S. Ct. 1923, 1925 (1989) (citing <u>Carafas v. LaVallee,</u> 88 S. Ct. 1556, 1560 (1968)); <u>see also</u> <u>Pleasant v. State of Texas,</u> 134 F.3d 1256, 1258 (5th Cir. 1998) (per curiam) (observing that the petitioner was not "in custody"

---

[10]Petitioner's Brief in Support, Docket Entry No. 2, p. 5.

for purposes of obtaining review under 28 U.S.C. § 2254 once his state court sentence had expired).

Heath asserts that he is entitled to seek federal habeas review because he is constrained from running for political office, working in his previous profession, or applying for a federal firearms permit as the result of his felony conviction.[11]   However, collateral consequences such as these are not sufficient to establish that he was "in custody" as required by the federal habeas corpus statutes at the time his Petition was filed on January 11, 2021.   See Maleng, 109 S. Ct. at 1926 (stating that "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it").   Because Heath does not satisfy the custody requirement, the court lacks jurisdiction to review the merits of his claims.

**B.   The One-Year Statute of Limitations**

Even if Heath satisfied the custody requirement, his Petition is subject to dismissal for alternative reasons under the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), which established a one-year statute of limitations on federal habeas review.   The applicable

_____

   [11]See id. at 2 and 31-32.

-5-

limitations period, which is found in 28 U.S.C. § 2244(d), provides

as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The Petition submitted by Heath, who is

represented by counsel in this case, sets out the AEDPA statute of

limitations in full, establishing that he had adequate notice and

that he availed himself of the opportunity to explain why the

Petition is not time-barred.[12]   See Day v. McDonough, 126 S. Ct.

1674, 1684 (2006) (noting that a court must assure that the parties

---

[12]See Petition, Docket Entry No. 1, pp. 24-25.

have "fair notice and an opportunity to present their positions" before dismissing a <u>pro se</u> petition as barred by limitations).

Heath contends that his Petition is timely because he filed it within one year from the date that his state habeas corpus application was dismissed by the Texas Court of Criminal Appeals on March 11, 2020.[13]   Heath is mistaken.   Heath's conviction became final for purposes of federal habeas corpus review on May 15, 2017, when the Supreme Court denied his petition for a writ of certiorari.   <u>See Gonzalez v. Thaler,</u> 132 S. Ct. 641, 653 (2012). That date triggered the statute of limitations found in 28 U.S.C. § 2244(d)(1)(A), which means that Heath had one year, up to and including May 15, 2018, in which to seek a federal writ of habeas corpus to challenge his conviction.   The pending federal Petition, which was filed on January 11, 2021, is more than two years late and is therefore time-barred unless a statutory or equitable exception applies.

1.   <u>Statutory Tolling is Not Available</u>

A habeas petitioner may be entitled to statutory tolling under 28 U.S.C. § 2244(d)(2), which provides that the time during which a "properly filed" application for state habeas corpus or other collateral review is pending shall not be counted toward the limitations period.   Heath filed a state habeas corpus application

---

[13]<u>See id.</u> at 24.

on October 21, 2019, which the Texas Court of Criminal Appeals dismissed for failure to comply with procedural rules on March 11, 2020.[14] This application does not toll the limitations period under § 2244(d)(2) because it was filed well after the period of limitations expired. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000). Alternatively, Heath's state habeas corpus application does not toll the limitations period under § 2244(d)(2) because the record reflects that it was not properly filed in compliance with Rule 73.1 of the Texas Rules of Appellate Procedure.[15] See North v. Davis, 800 F. App'x 211, 213-14 (5th Cir. 2020) (per curiam) (observing that a state application dismissed for noncompliance with Rule 73.1 of the Texas Rules of Appellate Procedure was not "properly filed" for purposes of tolling under § 2244(d)(2) and has no tolling effect).

Heath's pleadings do not disclose any other valid basis for statutory tolling. Although Heath asserts the limitations should be extended under 28 U.S.C. § 2244(d)(1)(B) because he was required to exhaust state court remedies before seeking federal relief,[16] he does not allege facts showing that he was prevented from exhausting state court remedies in a timely manner, and he does not

---

[14]See id. at 5-6.

[15]Official Notice from Court of Criminal Appeals of Texas in WR 91,018-01, Exhibit 1 to Petition, Docket Entry No. 1-1, p. 2.

[16]See Petition, Docket Entry No. 1, p. 24.

demonstrate that state action impeded him from filing his Petition before the limitations period expired.  See Egerton v. Cockrell, 334 F.3d 433, 436 (5th Cir. 2003) (explaining that "[i]n order to invoke § 2244(d)(1)(B), the prisoner must show that:  (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law").  None of Heath's claims are based on a constitutional right that has been newly recognized by the Supreme Court.  See 28 U.S.C. § 2244(d)(1)(C). Likewise, he does not demonstrate that his allegations are based on a "new factual predicate" that could not have been discovered previously if he had acted with due diligence.  See 28 U.S.C. § 2244(d)(1)(D).

    2.   <u>Equitable Tolling is Not Warranted</u>

The statute of limitations may be tolled for equitable reasons, but the Supreme Court has emphasized that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 125 S. Ct. 1807, 1814 (2005)).  Heath offers no explanation for his decision to delay seeking habeas relief from his conviction at the state or federal level, and the chronology outlined in the Petition does not demonstrate that he pursued his rights with the requisite diligence.  The Fifth Circuit

has repeatedly held that "[e]quity is not intended for those who sleep on their rights." <u>Manning v. Epps,</u> 688 F.3d 177, 183 (5th Cir. 2012) (internal quotation marks omitted) (citing <u>Mathis v. Thaler,</u> 616 F.3d 461, 474 (5th Cir. 2010) and <u>In re Wilson,</u> 442 F.3d 872, 875 (5th Cir. 2006)). Because the pleadings do not disclose a valid basis for tolling the statute of limitations, the court concludes that this action must be dismissed as untimely filed.

## III.  <u>Certificate of Appealability</u>

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Tennard v. Dretke,</u> 124 S. Ct. 2562, 2565 (2004) (quoting <u>Slack v. McDaniel,</u> 120 S. Ct. 1595, 1604 (2000)). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." <u>Slack,</u> 120

S. Ct. at 1604. Because jurists of reason would not debate whether the Petition was properly dismissed, a certificate of appealability will not issue in this case.

### IV. Conclusion and Order

Accordingly, the court **ORDERS** as follows:

1.   The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody (Docket Entry No. 1) filed by Adrian David Heath is **DISMISSED with prejudice.**

2.   A certificate of appealability is **DENIED.**

The Clerk shall provide a copy of this Memorandum Opinion and Order to the petitioner.

**SIGNED** at Houston, Texas, on this 27th day of January, 2021.

 

 

 

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE